FILED21 MAY '24 15:22USDC-ORP

**UNDER SEAL**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr- 00204-SI** |
| v. | **INDICTMENT** |
| **CATALIN DRAGOMIR,** ▮ | 18 U.S.C. § 1028(a)(7), (b)(1)(A)(i), and (b)(2); 18 U.S.C. § 1028A; 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B); 18 U.S.C. § 1956(a)(1)(B)(i) |
| **Defendant.** | **Forfeiture Allegations** |
| | **UNDER SEAL** |

**THE GRAND JURY CHARGES:**

1.    Defendant **CATALIN DRAGOMIR** is a citizen of Romania.  During the timeframe of this Indictment. **DRAGOMIR** resided in Romania and used the online monikers

▮

**COUNT 1**
**(Obtaining Information from a Protected Computer)**
**(18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B))**

2.    On or about June 15, 2021, in the District of Oregon and elsewhere, the defendant, **CATALIN DRAGOMIR**, a Romanian national, did intentionally attempt to and did

Indictment                                                                                      Page 1

access a protected computer without authorization, and thereby attempted to and did obtain information from a protected computer, and the offense was committed for purposes of commercial advantage and private financial gain, and in furtherance of a criminal and tortious act in violation of the laws of the United States. Specifically, the defendant accessed without authorization one or more computers owned by Oregon Department of Emergency Management (at the time called the Oregon Office of Emergency Management), a government entity located in and with its computer servers in Oregon.

All in violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B).

**COUNT 2**
**(Money Laundering)**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

3.      On or about June 16, 2021, the defendant, who will be first brought to the District of Oregon under 18 U.S.C. § 3238, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, a transfer of approximately 11.189682 Monero to a Kraken account in the United States, which involved the proceeds of specified unlawful activity—that is, the violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B)—knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of approximately 11.189682 Monero, represented the proceeds of some form of unlawful activity.

4.      This transaction was part of a series of related transactions involving funds and monetary instruments, the total value of which exceeded $10,000.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Indictment                                                                                          Page 2

## COUNT 3
### (Money Laundering)
### (18 U.S.C. § 1956(a)(1)(B)(i))

5.      On or about December 13, 2021, the defendant, who will be first brought to the District of Oregon under 18 U.S.C. § 3238, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, a transfer of approximately 23.0297787 Monero to a Kraken account in the United States, which involved the proceeds of specified unlawful activity—that is, the violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B)—knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of approximately 23.0297787 Monero, represented the proceeds of some form of unlawful activity.

6.      This transaction was part of a series of related transactions involving funds and monetary instruments, the total value of which exceeded $10,000.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNT 4
### (Money Laundering)
### (18 U.S.C. § 1956(a)(1)(B)(i))

7.      On or about December 28, 2021, the defendant, who will be first brought to the District of Oregon under 18 U.S.C. § 3238, did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit, a transfer of approximately 38.2874071 Monero to a Kraken account in the United States, which involved the proceeds of specified unlawful activity—that is, the violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B)—knowing that the transaction was designed in whole or in part to conceal or disguise

Indictment                                                                                                    Page 3

the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, funds in the amount of approximately 38.2874071 Monero, represented the proceeds of some form of unlawful activity.

8.    This transaction was part of a series of related transactions involving funds and monetary instruments, the total value of which exceeded $10,000.

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## COUNT 5
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

9.    On or about June 16, 2021, in the District of Oregon and elsewhere, the defendant, who will be first brought to the District of Oregon under 18 U.S.C. § 3238, did knowingly possess, transfer, and use without lawful authority, a means of identification of Adult Victim 1, to wit, a name, email address, date of birth, and passport number, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit the violation of 18 U.S.C. § 1030(a)(2)(C), (b), and (c)(2)(B) set forth in Count One, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A.

## COUNT 6
### (Identity Theft)
### (18 U.S.C. § 1028(a)(7), (b)(1)(A)(i), and (b)(2))

10.    On or about July 17, 2020, the defendant, who will be first brought to the District of Oregon under 18 U.S.C. § 3238, did knowingly possess, transfer, and use in and affecting interstate or foreign commerce, without lawful authority, a means of identification of Adult Victim 2, to wit a name and a Social Security Number, knowing that the means of identification

Indictment                                                                                                                    Page 4

belonged to another actual person, with the intent to aid and abet, or in connection with, any unlawful activity that constitutes a violation of 18 U.S.C. § 1028(a)(7) by another person, and the defendant's violation of § 1028(a)(7) charged in this count involved the transfer of an identification document, authentication feature, or false identification document that is or appears to be an identification document or authentication feature issued by or under the authority of the United States.

All in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(A)(i), and (b)(2).

## FORFEITURE ALLEGATIONS

11.     Upon conviction of Count One of this Indictment, the defendant, **CATALIN DRAGOMIR**, shall forfeit to the United States: (1) pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation; and (2) pursuant to 18 U.S.C. § 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such violation(s).

12.     Upon conviction of any or all of the Offenses set out in Counts Two through Four of this Indictment, the defendant, **CATALIN DRAGOMIR**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property.

13.     Upon conviction of Count Six of this Indictment, the defendant, **CATALIN DRAGOMIR**, shall forfeit to the United States: (1) pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation; and (2) pursuant to 18 U.S.C. § 1028(b)(5), any personal property used or intended to be used to commit the offense.

Indictment                                                                                          Page 5

14.    If any of the property described above, as a result of any act or omission of the

defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without

         difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§§ 982(b)(1), 1028(g), and 1030(i)(2), to seek forfeiture of any other property of the defendant,

up to the value of the property described above.

Dated: May 21, 2024

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

QUINN P. HARRINGTON, OSB #083544
Assistant United States Attorney

KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorney

NICOLE ARGENTIERI
Principal Deputy Assistant Attorney General
Criminal Division

BENJAMIN A. BLEIBERG, DCB #90006584
Trial Attorney

for ALISON M. ZITRON, NYB #5046206
Trial Attorney

**Indictment**

**Page 6**